E-FILED
Wednesday, 15 December, 2010 10:56:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RALPH KINGS,
    Plaintiff,

v.                                                                                                                      09-cv-2227

K. SMITH
    Defendant.

MEMORANDUM OPINION AND ORDER

      Before the court is Defendant's unopposed Motion to Dismiss [32] pursuant to Federal Rule of Civil Procedure 41(b). Defendant seeks dismissal of Plaintiff's claims as a sanction for Plaintiff's violation of the Federal Rules.

      Plaintiff Ralph Kings alleges in this lawsuit that he was subjected to excessive force at the Kankakee County Jail in violation of his constitutional rights. Plaintiff brings a claim for money damages pursuant to 42 U.S.C. § 1983 against Defendant Kent Smith. On October 7, 2010, Defendant filed a Motion to Dismiss Plaintiff's claim based on his fraudulent filing. Plaintiff's response was due within 14 days. Rather than file a response, on October 21, 2010, Plaintiff filed a motion [34] to deny Defendant's Motion to Dismiss [32] or in the alternative grant him an extension of time to respond. In his motion, Plaintiff claims that Defendant purposely failed to provide him with a copy of the Motion to Dismiss and therefore Defendant's motion should be denied or in the alternative, Plaintiff should be granted additional time to respond to Defendant's motion. In his response [35], Defendant asserts that he sent Plaintiff via certified mail a copy of the Motion to Dismiss on October 7, 2010, the same day it was filed (Certificate of Service, attached to his response as Exhibit A). Defendant's counsel received confirmation on October 12, 2010, that the certified mail was delivered to and received by the Pontiac Correctional Center (Certified Mail Receipt, attached to response as Exhibit B). Nevertheless, Defendant attached to his response [35] as Exhibit C a copy of Defendant's Motion to Dismiss and exhibits for Plaintiff's records. Defense counsel certified that she mailed a copy of the response with Exhibit C to Plaintiff at his place of incarceration on October 25, 2010. Defendant did not oppose Plaintiff being given extra time to respond to the Motion to Dismiss. Therefore, on November 12, 2010, the court allowed the plaintiff an additional 14 days to file his response. As of today, the plaintiff has not responded to Defendant's Motion to Dismiss. In support of his Motion to Dismiss, Defendant states the following:

1.     Plaintiff, Ralph Kings, alleges in this lawsuit that he was subjected to excessive force at the Kankakee County Jail in violation of his constitutional rights. Kings brings a claim for money damages pursuant to 42 U.S.C. § 1983 against Defendant Kent Smith.
2.     Ralph Kings, however, is not Plaintiff's real name. It is merely a name he invented to mislead police officers as to his identity (Kings Dep. p. 10, attached to Defendant's motion as Exhibit A). Plaintiff, whose real name is Vincent Hudson, admittedly routinely gives

police officers false names (Id. pp. 9-11).  He did not stop at misleading police officers this time, however, but progressed to misleading this court by filing the instant action and certifying it under a false name, and continuing the fraud during discovery and under oath.  Plaintiff did not disclose his real name when first asked during his deposition; he did not disclose his real name when asked for any aliases he has used; he only admitted that Kings was a false name upon further prodding by counsel during his deposition (Id. pp. 4-11).

Defendant reminds this court that a district court has the inherent power to impose sanctions upon parties who have abused the judicial system.  *See Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927-28 (7th Cir. 2004).  Honesty in Plaintiff's representations to the court is of the utmost importance.  Rule 11 of the Federal Rules of Civil Procedure forbids lying in pleadings, motions and other papers filed with the Court. See Fed. R. Civ. P. 11; *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006).  Rule 41(b) expressly authorizes the involuntary dismissal of a claim for a plaintiff's failure to adhere to court rules. See Fed. R. Civ. P. 41(b).  In *Dotson v. Bravo*, 321 F.3d 663 (7th Cir. 2003), the Seventh Circuit affirmed a district court's dismissal of a plaintiff's civil rights lawsuit that was filed under a false name.  The Court found that the case precisely represented the situation in which one party's conduct so violated the judicial process that imposition of a harsh penalty was appropriate. 321 F.3d at 668.  The plaintiff in Dotson not only filed the federal civil rights claim under a false name but further did not disclose his true identity during discovery, lied under oath about his true name in a separate federal civil rights case, lied about his true name to police when arrested and continued to conceal his true identity throughout the duration of his criminal trials and incarceration.  *Id*.  Even though his civil rights claim may have had some merit, the Seventh Circuit refused to allow the plaintiff to so abuse the court system to obtain a civil reward. Id. at 669.

Defendant asserts that Plaintiff's overall scheme to defraud all aspects of the judicial process provides the context for the imposition of a harsh penalty.  *See Dotson*, 321 F.3d at 668-69; Zocaras, 465 F.3d at 484.  Defendant advises the court that Plaintiff defrauded not only the state criminal justice system, but has followed a pattern of deception for years before this court and before the District Court for the Northern District of Illinois.  Apart from submitting false and malicious pleadings by using a false name in this action, he has also used the false name in filing civil rights complaints in *Kings v. Marmol*, et al., No. 09 cv 5864 (N.D. Ill.) and *Kings v. Zureala, et al.*, No. 10 cv 0499 (N.D. Ill.).  Further, Plaintiff has defrauded this court and other federal courts by providing, under penalty of perjury, declarations in *Concepcion v. Villafuerte, et al.*, No. 08 cv 2216 (C.D. Ill.) and a declaration and deposition in *Concepcion v. Young*, No. 09 c 2334 (N.D. Ill.)(Declarations, attached to Defendant's motion as Exhibit B; Ex. A, Kings Dep., pp. 6-7).  Defendant asserts that Plaintiff's filing of these suits and declarations are clear violations of Rule 11.  This court agrees.  Defendant argues that Plaintiff's deception constitutes a fraud on the court because it tampers with the judicial machinery and subverts the integrity of the court itself.  District Court in other circuits have also considered this issue.  *See Prince v. Delaware County Bar Ass'n*, No. 92-1942, 1993 WL 141711, *1-2 (E.D. Pa. May 3, 1993) (dismissing pro se civil rights action as sanction because plaintiff's filing of suit using a false name constituted fraud).  *See also  Wilson-Williams v. Freeman*, No. 07-CV-480, 2010 WL

653873, *3 (M.D. Ala. Feb. 22, 2010) (dismissing pro se civil rights action as sanction for fraud

because plaintiff submitted false and malicious pleadings using a false name).

Defendant argues that Plaintiff should not be allowed to seek justice in this court while committing fraud. Defendant also asserts that the fact that Plaintiff was incarcerated under a false name is a consequence of his own fraudulent conduct and does not justify continuance of the charade in federal court. *See Dotson*, 321 F.3d at 668 (emphasis added). "Filing a case under a false name deliberately, and without sufficient justification, certainly qualifies as flagrant contempt for the judicial process and amounts to behavior that transcends the interests of the parties." *Id*. The misconduct harmed the judicial system and it harmed Defendants. It resulted in them proceeding through litigation without knowing the true identity of the person who was demanding that the court declare they had violated his constitutional rights and force them to pay him damages. Permitting Plaintiff to pursue his claim would "take the punch out of the punishment for pummeling the probity of the judicial system." *Zocaras*, 465 F.3d at 484. Nothing short of putting Plaintiff out of court will properly punish his serious and protracted violation of the rules and adequately deter future violations by other parties. *See Id*.

Due to Plaintiff's willful misconduct here and in order to preserve the integrity of the judicial process, Defendant Smith requests that Plaintiff's complaint be dismissed in its entirety with prejudice.

It is ordered:

1. The defendant's motion to dismiss [32] is granted. Pursuant to Fed. R. Civ. Pro. Rule 11 and 41(b), Plaintiff's entire lawsuit is dismissed, with prejudice.
2. Although his lawsuit is dismissed, the plaintiff is still obligated to pay the filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1). The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
3. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this    15th    day of December 2010.

/s/ Michael P. McCuskey
_____
MICHAEL P. MCCUSKEY
CHIEF UNITED STATES DISTRICT JUDGE